UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER DINGWELL, SR.<br> *Plaintiff*, | ) 3:17-CV-01531 (KAD)<br>)<br>) |
| v. | )<br>) |
| JEFFRY COSSETTE, et al,<br> *Defendants*. | )<br>) February 5, 2021 |

**MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 78) AND PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 79)**

Kari A. Dooley, United States District Judge

  This is a civil rights case, brought pursuant to 42 U.S.C. § 1983, arising out of the alleged retaliatory actions by Defendants City of Meriden ("Meriden"), Jeffry Cossette, Chief of the Meriden Police Department ("Defendant Cossette"), and John Williams, a now former detective with the Meriden Police Department and President of the Meriden Police Union ("Defendant Williams"), against and in response to Plaintiff Christopher Dingwell Sr.'s public criticism of the Meriden Police Department ("MPD"). Specifically, Plaintiff alleges that the Defendants retaliated against him as a result of the exercise of his First Amendment right to freedom of speech. Upon motion of the Defendants, the Court granted summary judgment as to all claims asserted against Defendants Cossette and Williams but denied summary judgment as to the *Monell* claim against Meriden. (ECF No. 77). Pending before the Court is Defendants' and Plaintiff's motions for reconsideration of the Court's ruling.[1] For the reasons stated herein, Defendants' motion for reconsideration is DENIED and Plaintiff's motion for reconsideration is DENIED.

---

[1] Although ostensibly filed on behalf of all Defendants, the Defendants' motion argues only that the Court should reconsider its decision regarding the *Monell* claim against Meriden. Indeed, the Defendants otherwise prevailed on the motion for summary judgment. For the sake of clarity, any reference to the Defendants or Defendant in the discussion of the Defendants' motion for reconsideration shall refer only to Meriden.

The parties' familiarity with the allegations and procedural history of this case is presumed.

**Standard of Review**

"A motion for reconsideration is committed to the sound discretion of the court." *Kregos v. Latest Line, Inc.*, 951 F.Supp. 24, 26 (D. Conn. 1996). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. CONN. L. R. 7(c)(1) (providing that motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order"). A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). "In the context of a motion for reconsideration, 'manifest injustice' is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (internal quotation marks omitted).

A party, however, may not use a motion for reconsideration to re-argue issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly

considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 391–92 (S.D.N.Y. 2000). In other words, "[a] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *SPGGC, Inc. v. Blumenthal*, 408 F.Supp.2d 87, 91 (D. Conn. 2006) (internal quotation marks omitted).

**Plaintiff's Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's ruling granting summary judgment in favor of Defendants Cossette and Williams. Principally, Plaintiff requests that the Court reconsider its finding that there is no genuine issue of material fact that Plaintiff's speech was not actually chilled by Defendants' alleged retaliatory acts. In his motion, Plaintiff argues that the Court may not have considered *Bartels v. Inc. Vill. of Lloyd* wherein a court in the Eastern District of New York found that a plaintiff "made a sufficient proffer of actual chilling to raise an issue of fact" by offering evidence that he "ceased using [some] forums and methods" to advance his First Amendment rights even though he continued using others. 751 F. Supp. 2d 387, 401 (E.D.N.Y. 2010). Likewise here, according to Plaintiff, the record reveals that Plaintiff's speech was chilled insofar as he (1) has not attended city council meetings to criticize the MPD since September 6, 2016; (2) has not contacted newspapers to report issues with the MPD; (3) does not post critical messages about the MPD on social media as frequently; and (4) is no longer the administrator of the "Meriden Talks" Facebook page. Therefore, Plaintiff argues, there is a genuine issue of material fact as to whether his speech was chilled by Defendants' alleged retaliatory conduct.

In their motion for summary judgment, the Defendants argued that there was no genuine issue of material fact that the alleged retaliatory conduct by the Defendants did not result in an actual chilling of Plaintiff's exercise of his First Amendment rights. Despite this argument being advanced by the Defendants, Plaintiff did not make the argument now advanced in the motion for

3

reconsideration in opposition to Defendants' motion for summary judgment. Indeed, rather than argue that Plaintiff had established a "change in behavior" theory of harm or chilled speech based on the evidence of record, Plaintiff focused almost entirely on the evidence which established the Defendants' alleged retaliatory acts. Not one of the four examples listed above regarding Plaintiff's alleged change in behavior are referenced in the Plaintiff's memorandum in opposition to the motion for summary judgement and nor did the Plaintiff cite the Court to the record evidence on which he now relies.[2] Nor did the Plaintiff cite to the *Bartels* case, which, in any event, is non-binding authority issued by the Eastern District of New York in 2010. *See Shrader*, 70 F.3d at 257 (noting that "reconsideration will generally be denied unless the moving party can point to *controlling* decisions . . . the court overlooked" (emphasis added)). Plainly, Plaintiff's motion for reconsideration is an attempt to take a "second bite at the apple," which is wholly inappropriate. *Tonga Partners, L.P.*, 684 F.3d at 52; *see also Williams v. Romarm*, 751 F. App'x 20, 23–24 (2d Cir. 2018) (summary order) (finding that the district court acted within its discretion by denying plaintiffs' motion for reconsideration, in part, because plaintiffs raised a new argument therein that could have been raised in their opposition to defendant's motion to dismiss). Accordingly, the Court will not reconsider its finding that with respect to all but one purportedly retaliatory act—the blocking of the Plaintiff from the MPD Facebook page—the Plaintiff failed to raise a genuine issue of material fact as to whether Plaintiff's free speech was chilled or curtailed in any fashion.

---

[2] Plaintiff's Rule 56(a)(2) Statement included references to his affidavit, the document on which he now relies, in support of his heretofore nonexistent "change in behavior" theory of harm. (ECF No. 71-2 ¶¶ 54–55). However, in his opposition to Defendants' motion for summary judgment, Plaintiff makes no discernable argument that his speech was chilled and nor does he reference the Rule 56(a)(2) Statement or his affidavit in support of such an argument. It is not the Court's obligation to scour the evidence of record in order to identify missed arguments or identify issues of fact not claimed by the non-moving party. *See ABC v. NYU Hosps. Ctr.*, 629 F. App'x 46, 49 (2d Cir. 2015) (summary order) (noting that the district court is "not required to scour the record on its own in a search for evidence when the plaintiffs fail to present it" (internal quotation marks omitted)).

Next, Plaintiff requests that the Court reconsider whether Defendant Cossette is entitled to qualified immunity.³ In doing so, Plaintiff advances the same argument set forth in his opposition to Defendants' motion for summary judgment. Specifically, Plaintiff reargues that Defendant Cossette is not entitled to qualified immunity because, according to his deposition testimony, he was aware of Plaintiff's First Amendment right to publicly criticize the MPD. (*Compare* Plaintiff's Opposition to Defendants' Motion for Summary Judgment, ECF No. 71-1 at 12 (Defendant Cossette "testified that [Plaintiff] has a right to First Amendment speech and therefore that he had a right to critique [him] in public forums, including via social media. To allow [Defendant Cossette] to now argue that the law was not clearly defined on this point would be to give [him] a pass, despite [his] actual knowledge of the law.") *with* Plaintiff's Motion for Reconsideration, ECF No. 79-1 at 4 ("[Defendant Cossette] testified that [he was] aware that the plaintiff had a First Amendment right to speech, even it if was critical of [his] department. As such, [his] testimony on that point must stand. For the defendants to argue otherwise is disingenuous as testimony to the contrary was already had at deposition[.]")). Because this issue was already fully litigated by the parties, the Court will not reconsider its finding that Defendant Cossette is entitled to qualified immunity to the extent he participated in the blocking of Plaintiff from the MPD Facebook page. *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Lastly, Plaintiff requests that the Court reconsider its evaluation of the evidence regarding the alleged improper surveillance of Plaintiff by the MPD. Specifically, Plaintiff argues that the Court erred in making credibility determinations thereby improperly discrediting Plaintiff's

---

³ Plaintiff also requests that the Court find that Defendant Williams is not entitled to qualified immunity. However, as in the Court's original decision, there is no need to consider whether Defendant Williams is entitled to qualified immunity in the first instance because none of his alleged retaliatory acts caused Plaintiff to suffer a cognizable harm.

5

testimony supporting his improper surveillance allegations. However, as noted in the Court's decision, and as reaffirmed above, "even if a genuine issue of fact could be gleaned from the record [with respect to the MPD's improper surveillance of Plaintiff], Plaintiff has been undeterred in his open and public criticism of the MPD [and] [h]is speech has not been chilled or curtailed by any of the alleged [improper surveillance]." (Memorandum of Decision, ECF No. 77 at 17). Thus, whether the Court erred in its evaluation of the improper surveillance evidence is of no moment because correcting that alleged error would not "alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Defendants Cossette and Williams would still be entitled to summary judgment because there is no genuine issue of material fact that Plaintiff did not suffer a cognizable harm resulting from the alleged improper surveillance.

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

**Meriden's Motion for Reconsideration**

Meriden seeks reconsideration of the Court's ruling denying summary judgment as to the Third Count of Plaintiff's operative amended complaint alleging a First Amendment retaliation claim against Meriden. Principally, Meriden argues that the Court erred by allowing Plaintiff to proceed on a theory of *Monell* liability arising out of Defendant Cossette's role as a policymaker and his alleged involvement in blocking Plaintiff from the MPD Facebook page. Specifically, Meriden asserts that the Court should not allow Plaintiff to proceed on this theory of liability because it is not contained in the operative complaint. Meriden further asserts that the Court should have considered only Plaintiff's theory of *Monell* liability which was included in Plaintiff's complaint, i.e., liability arising out of the City Manager, Mayor, and Public Safety Committee Members' failure to intervene in Defendants Cossette and Williams' alleged unlawful activity.

Meriden asserts that the Plaintiff should not be able to introduce a new theory of liability in response to a dispositive motion. That may be true, but that is not what happened.

To the contrary, in their opening brief, Meriden fully briefed the issue of *Monell* liability to include whether it could be held liable for the blocking of Plaintiff from the MPD Facebook page. Meriden asserted that it could not be held liable because the blocking was not done pursuant to a municipal policy or custom (a theory also not pleaded). Meriden also acknowledged that *Monell* liability "attaches where a decision-maker possesses final authority to establish municipal policy respecting an activity," (ECF No. 68-1 at 28), but failed to address whether Defendant Cossette was such a policymaker such that his alleged involvement in blocking the Plaintiff from the MPD Facebook page was attributable to Meriden.[4] And in response, the Plaintiff addressed directly the issue side-stepped by Meriden and argued that Defendant Cossette was such a policymaker, thereby giving rise to *Monell* liability. Meriden filed a reply but did not address this claim. Accordingly, the Court found that Meriden did not meet its initial burden of proof that it is entitled to judgment as a matter of law insofar as it failed to address Defendant Cossette's status as a policymaker. (ECF No. 77 at 23). Finally, it is notable that Meriden did not argue that Plaintiff's *Monell* liability claim should be limited to the failure to intervene theory Plaintiff pleaded in his complaint. In fact, the Defendants did not address the *Monell* claim as pleaded, at all.

Thus, Meriden cannot now argue, in a motion for reconsideration, that Plaintiff's theory of *Monell* liability should be limited to that set forth in Plaintiff's complaint when it did not consider it to be so limited when seeking summary judgment. By raising this new argument after losing on the merits, Meriden is, in effect, "argu[ing] in the alternative once a decision has been made"—a

---

[4] By acknowledging the viability of such a *Monell* claim and seeking summary judgment as to the *Monell* claim, Meriden at least implicitly, if not explicitly, is responsible for raising the issue in the first instance.

7

purpose for which "[a] motion for reconsideration may not be used[.]" *Blumenthal*, 408 F.Supp.2d at 91 (internal quotation marks omitted); *Tonga Partners, L.P.*, 684 F.3d at 52. Moreover, after Defendants raised (*see supra* note 4), and litigated, Plaintiff's theory of *Monell* liability based on Defendant Cossette's position of authority, the Court was arguably required to consider the theory as if Plaintiff pleaded it in his complaint. *See* FED. R. CIV. P. 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569–70 (2d Cir. 2000), *superseded on other grounds by* N.Y.C. Local L. No. 85 (finding that the district court was not precluded from considering an issue on summary judgment that was not explicitly pleaded in the complaint where, among other reasons, defendant attacked the issue on the merits and did not claim prejudice because of its tardiness). Consequently, Meriden's motion for reconsideration is DENIED.[5]

**Conclusion**

For the foregoing reasons, Defendants' motion for reconsideration (ECF No. 78) is DENIED and Plaintiff's motion for reconsideration (ECF No. 79) is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of FEBRUARY 2021.

        /s/ *Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[5] Defendants' second basis for reconsideration hinges on the Court's acceptance of Defendants' principal argument that Plaintiff may proceed solely on a failure to intervene theory of *Monell* liability. The Court, having rejected this argument, does not therefore reach Meriden's second argument.